UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK R. RAYL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-cv-00554-WTL-TAB |
| | ) | |
| MERRILL MOORES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER FOLLOWING SHOW CAUSE HEARING**

This matter was set for a show cause hearing on January 8, 2010. Plaintiff appeared by counsel. Defendant Merrill Moores, an Indianapolis attorney representing himself in this action, failed to appear. Moores's failure to appear is the latest in a series of incidents in which he has blatantly ignored this case, opposing counsel, and this Court's orders. A summary of Moores's misconduct is set forth below.

1. The parties were to have served initial disclosures by October 30, 2009, but Moores never served any. [Docket Nos. 21, 26]

2. On November 10, 2009, Plaintiff served discovery requests on Moores, who failed to respond despite multiple efforts by the Plaintiff to determine the status of Moores's responses. As a result, Plaintiff filed a motion to compel, to which Moores never responded. [Docket No. 25.]

3. Moores failed to appear as ordered for a December 15, 2009, telephonic status conference. [Docket Nos. 21, 26.]

4. As a result of Moores's failure to appear for the December 15 status conference, the Court issued an order requiring Moores to show cause by December 31 why sanctions should not issue. [Docket No. 26.] Moores failed to respond to this show cause order and, as set forth above, failed to appear for the January 8 show cause hearing.

5. Moores also has failed to respond to Plaintiff's motion for class certification, filed on September 9, 2009. [Docket No.17.]

As the foregoing reveals, Moores has wholly abandoned any defense of this action. Ordinarily, this would warrant entry of a default against the Defendant. However, because Plaintiff has moved for class certification, the Court must review Plaintiff's motion and supporting brief to independently verify whether all the requirements for class certification have been satisfied. The Court will do so without the benefit of any input from Moores, whose time for objection or other response has long passed. If class certification is granted, Plaintiff at that time may wish to pursue a default judgment.

Accordingly, Plaintiff's motion to compel [Docket No. 25] is granted and Moores is ordered to respond, without objection, to Plaintiff's outstanding discovery within 14 days.

In addition, the Magistrate Judge recommends that the District Judge consider Plaintiff's motion for class certification as submitted, and grant whatever relief is appropriate irrespective of any defenses or other arguments Moores may have been able to make. As Plaintiff's claims arise under the Fair Debt Collection Practices Act, Plaintiff would be entitled to his reasonable attorney's fees and costs if he prevails, thereby making a fee award unnecessary at this time. If Plaintiff does not prevail, the Magistrate Judge recommends that Plaintiff be reimbursed reasonable fees and costs incurred as a result of Moores's insouciant conduct. Other sanctions

may also be appropriate, including at a minimum admonishment of Moores.

      Dated:  01/22/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Laurel Robin Klapper Gilchrist
KLAPPER ISAAC & GILCHRIST
laurelgilchrist@hotmail.com

Merrill Scooter Moores
mmoores1@comcast.net