UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK R. RAYL, individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   CAUSE NO.  1:09-cv-554-WTL-TAB<br>) |
| MERRILL MOORES, | )<br>) |
| Defendant. | ) |

### ENTRY ON MOTION FOR CLASS CERTIFICATION

This cause is before the Court on the Plaintiff's motion for class certification. The motion was filed on September 9, 2009. The Magistrate Judge assigned to this case ordered the Defendant to file his response to the motion by January 4, 2010; the Defendant has to date failed to respond to the motion or seek additional time to do so. Accordingly, the motion is ripe for adjudication and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The facts alleged by the Plaintiff are as follow. Defendant Merrill Moores is an attorney who filed over one-hundred notices of claim in small claims court on or about May 1, 2008, alleging unpaid or delinquent dues for the Wildcat Run Homeowner's Association. The notices contained a contact telephone number for Moores that went to a voicemail box with the following outgoing message:

> Hi. This is attorney Merrill Moores. If you're calling regarding a Summons for past due Wildcat Run Homeowner's Association dues, please be advised that this is an attempt to collect a debt, and all information left here will be used in an attempt to collect that debt.
>
> I am unable to return any messages from here. There are simply too many. You have a court date and time. I will be more than happy to discuss the matter with you at that time and date. I am sorry it has come to this. You were sent two letters by your association. At this point, you have incurred attorney's fees in the amount of $250 and a filing fee of $78 in addition to whatever you owed for your annual dues. The amount that you owe for your annual dues

> is actually stated in the Complaint. If you want to resolve this matter in its entirety on the court date, please bring a check, which is certified, for the full amount, in a form made out to Merrill Moores. My name is on the Complaint for the purposes of spelling. Again, the amount that you owe is your annual homeowner's dues as stated in the Complaint, the filing fee of $78 and attorney's fees in the amount of $250. Upon bringing a certified check in that amount, I will dismiss your case and I will forgo pursuing the prejudgment interest that has accumulated since the debt was due and owing. Again, I am sorry.

Plaintiff Mark Rayl, one of the notice recipients, alleges that this message from Moores constituted an "initial communication" by a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and that Moores violated § 1692g of the FDCPA by failing to provide him with certain information that the statute requires be provided in or within five days of an "initial communication."

In the instant motion, Rayl seeks certification of the following class pursuant to Federal Rule of Civil Procedure 23:

> All natural persons sued by Merrill Moores in the name of Wildcat Run Homeowners Association on a consumer debt where a telephone number leading to a pre-recorded voice mail message was referenced as a contact telephone number for defendant Merrill Moores on a small claims complaint filed within one year prior to May 1, 2009.

Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, Rayl must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Financial Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must also satisfy one of the conditions of Rule 23(b). *Id.* Rayl asserts that the proposed class in this case satisfies Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Even though the motion for class certification is unopposed due to the Defendant's failure to

respond to it, the Court has an obligation to ensure that the requirements of Rule 23 are satisfied. In this case, the Court has concerns regarding the typicality requirement and the related adequacy of representation requirement. The problem is this: the proposed class includes all of those who were sued by means of a notice of claim containing a telephone number that led to the Defendant's pre-recorded voice mail message. Without prejudging the merits, it is not entirely clear to the Court how those members of the class who did not actually listen to the voice mail message (or at least learn of its contents) will be able to demonstrate that the voice mail message was an "initial communication" as to them. Therefore, it appears likely to the Court that the proposed class consists of at least two distinct groups: those who heard the voice mail message and those who did not. It is not clear from the Complaint or Rayl's brief which group he falls into (presumably he listened to the message in light of the fact that he is aware of its contents, but the Court is loathe to assume), but the Court believes that he would be an appropriate class representative only for that group, not for the other, as it is conceivable that the interests of the two groups could diverge at some point down the line.

Because the Court does not believe that Rayl is an appropriate class representative for the entire proposed class, the motion for class certification is **DENIED**. Rayl is free to file another motion to certify that eliminates the concerns expressed above; the deadline for doing so is set forth in the case management plan in this case. Rayl should note that any new motion will have to address the numerosity issue as it relates to any redefined class. If no new motion for class certification is filed, this case will proceed as to Rayl individually.

SO ORDERED:   02/04/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

3

Copies to all counsel of record via electronic notification