UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK R. RAYL, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-554-JMS-TAB |
| | ) | |
| MERRILL MOORES, | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

**I.      Introduction**

Plaintiff appeared by counsel and Defendant appeared in person on April 30, 2010.  By way of background, the Court previously found that Defendant Merrill Moores has "blatantly ignored this case," including Court orders.  [Docket No. 27 at 1.]  Unfortunately, that pattern has continued, prompting Plaintiff to file various motions, including a motion for sanctions.  [Docket No. 34.]  Plaintiff's sanctions motion, and other pending motions, are addressed below.  The Court gave counsel a full opportunity to be heard on these motions at the April 30 pretrial conference.

**II.      Discussion**

Plaintiff's motion for sanctions [Docket No. 34] reveals that Defendant has failed to respond to discovery served on November 10, 2009, even though following Plaintiff's motion to compel the Court ordered Defendant to file his responses by February 5, 2010.  On March 19 Defendant filed a brief response stating in relevant part,  "The defendant would find that it is well settled case law that the Plaintiff is not entitled to any of the documents he is seeking at this

time." [Docket No. 35 at 1.] This erroneous statement does not pass Rule 11 muster.[1] Defendant also failed to respond to Plaintiff's requests for admission—served on January 29, 2010—until March 19, 2010. By ignoring the Plaintiff's discovery and the related Court order, Defendant has placed himself in a precarious position. The Court finds that Plaintiff's motion for sanctions [Docket No. 34] should be granted and that the appropriate sanction is to deem Plaintiff's requests for admission admitted.[2]

Also pending is Plaintiff's motion to strike Defendant's opposition to Plaintiff's amended motion to certify class. [Docket No. 42.] That motion correctly sets forth that the Plaintiff timely filed his amended motion to certify class on February 25, 2010, and that Defendant failed to file any response by the March 31 deadline set forth in the Case Management Plan. [Docket No. 42 at 1.] Instead, on April 16, 2010, Defendant simply filed—without ever seeking leave—an untimely response. Defendant's flouting of deadlines cannot be condoned, particularly in light of Defendant's history of recalcitrant conduct in this action. Accordingly, Plaintiff's motion to strike [Docket No. 42] is granted, and Defendant's untimely objection to Plaintiff's amended motion to certify class [Docket No. 41] is stricken. As a result, Plaintiff's amended motion to certify class will be considered without the benefit of Defendant's objections.[3]

---

[1]Defendant subsequently acknowledged Plaintiff's right to this information. [Docket No. 40 at 1.]

[2]Plaintiff's sanctions motion also requests that the Court rule on Plaintiff's amended motion for class certification without input or objection by the Defendant. [Docket No. 34 at 3.] This request is addressed below by way of Plaintiff's motion to strike. [Docket No. 42.]

[3]The Court notes that this does not mean that Plaintiff's motion will be automatically granted. Indeed, the Magistrate Judge previously recommended that the District Judge consider Plaintiff's original motion for class certification "as submitted" without the benefit of any

2

The Court next turns to Plaintiff's motion to treat Defendant's motion to dismiss as a motion for summary judgment.  [Docket No. 39.]  The motion Defendant filed is styled as a motion to dismiss and motion for summary judgment.  [Docket No. 37.]  Plaintiff is correct that Defendant's motion refers to matters outside of the pleadings.  As a result, the motion should be treated as one arising under Rule 56 rather than Rule 12.  However, the motion is not accompanied by a separate brief, and the motion (which apparently purports to be a combined motion/brief) does not contain a "Statement of Material Facts Not in Dispute" with appropriate citations to the record, which are required by Local Rule 56.1.  Accordingly, Defendant's motion to dismiss and motion for summary judgment [Docket No. 37] is stricken, without prejudice to refile a motion that complies with this Court's Local Rules as well as the Federal Rules of Civil Procedure.  As a result, Plaintiff's motion to treat Defendant's motion to dismiss as a motion for summary judgment [Docket No. 39] is denied as moot.

Finally, Defendant has filed a motion for protective order [Docket No. 40] seeking to prevent disclosure of certain financial information.  Defendant's concerns are adequately addressed by granting the motion only to the extent that the financial information subject to that order shall not be provided to or shared with the Plaintiff.  However, Defendant's motion for protective order is denied to the extent that Defendant seeks to prohibit production of the information.

---

response from Defendant.  [Docket No. 27 at 2].  The District Judge noted the lack of Defendant's response, but nevertheless denied Plaintiff's motion.  [Docket No. 29.]  If Plaintiff's second uncontested bite at the certification apple also fails, then this case seemingly is not suitable for class action status.

**III.    Conclusion**

In conclusion: (1) Plaintiff's motion for sanctions [Docket No. 34] is granted and as a result Plaintiff's requests for admission served on January 29, 2010, are deemed admitted; (2) Plaintiff's motion to strike Defendant's opposition to Plaintiff's amended motion to certify class [Docket No. 42] is granted, and Defendant's untimely response to the Plaintiff's motion for class certification [Docket No. 41] is stricken; (3) Defendant's motion to dismiss and motion for summary judgment [Docket No. 37] is stricken, and Plaintiff's motion to treat Defendant's motion to dismiss as a motion for summary judgment [Docket No. 39] is denied as moot; and (4) Defendant's motion for protective order [Docket No. 40] is granted to the extent that the financial information subject to that order shall not be provided to or shared with the Plaintiff, but the motion is denied to the extent that Defendant seeks to prohibit production of the information.

Dated:   06/17/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:
Rochelle Elaine Borinstein
rborinstein@stanleykahn.com

Laurel Robin Klapper Gilchrist
KLAPPER ISAAC & GILCHRIST
laurelgilchrist@hotmail.com

Merrill Scooter Moores
mmoores1@comcast.net

4