UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARK R. RAYL, individually and on behalf of )
all others similarly situated, )
    *Plaintiffs*, )
) 1:09-cv-00554-JMS-TAB
*vs*. )
)
MERRILL MOORES, )
    *Defendant*. )

## ORDER

Presently before the Court in this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, are cross-motions for summary judgment. [Dkts. 59, 63.]

## I.
### SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence would—as a matter of law—conclude in the moving party's favor and is thus unnecessary. *See* Fed. R. Civ. Pro. 56(c). When evaluating a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial...against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. 317. The key inquiry is the existence of evidence to support a plaintiff's claims or affirmative defenses, not the weight or

credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

Cross-motions for summary judgment do not automatically mean that all questions of material fact have been resolved. *Franklin v. City of Evanston*, 384 F.3d 838, 842 (7th Cir. 2004). The Court must evaluate each motion independently, making all reasonable inferences in favor of the nonmoving party with respect to each motion. *Id.* at 483.

## II.
### BACKGROUND

Because, for reasons explained later, the Court concludes Defendant Merrill Moores is entitled to summary judgment, the Court presents the material facts that follow in the light most favorable to Plaintiff Mark R. Rayl.

Mr. Moores is an attorney, but wound up the Defendant in this action because of the way he attempted to collect past-due homeowners' association dues for his client, the Wildcat Run Homeowners' Association. [*See* dkt. 65-2 at 4.] On May 1, 2008, Mr. Moores filed 131 small-claims actions in the Franklin Township Small Claims Court. [Dkt. 60-2 at 5.] On the "Notice of Claim" filed with the court in each action, and then served upon the homeowners, Mr. Moores listed one of his office telephone numbers, [*id.*], as he was instructed to do by the court's staff to comply with Indiana Trial Rule 11(A), [dkt. 63-1 at 4]. Calls to that number went straight to voicemail. [*Id.*]

Depending on exactly when the homeowners called, they heard one of two voicemail messages, both of which essentially said that Mr. Moores would only discuss each homeowner's case at their court date. The first message was as follows:

> Hi. This is attorney Merrill Moores. If you're calling regarding a Summons for past due Wildcat Run Homeowner's Association dues, please be advised that this

is an attempt to collect a debt, and all information left here will be used in an attempt to collect that debt.

I am unable to return any messages from here. There are simply too many. You have a court date and time. I will be more than happy to discuss the matter with you at that time and date.

I am sorry it has come to this. You were sent two letters by your association. At this point, you have incurred attorney's fees in the amount of $250 and a filing fee of $78 in addition to whatever you owed for your annual dues. The amount that you owe for your annual dues is actually stated in the Complaint.

If you want to resolve this matter in its entirety on the court date, please bring a check, which is certified, for the full amount, in a form made out to Merrill Moores. My name is on the Complaint for the purposes of spelling. Again, the amount that you owe is your annual homeowner's dues as stated in the Complaint, the filing fee of $78 and attorney's fees in the amount of $250. Upon bringing a certified check in that amount, I will dismiss your case and I will forgo pursuing the prejudgment interest that has accumulated since the debt was due and owing. Again, I am sorry.

[Dkt. 60-2 at 9.] Callers at later dates heard this revised message:

Hi. My name is Merrill Moores. If you are calling about a Summons and Complaint regarding Wildcat Run Homeowner's Association dues, please be advised that I am a debt collector, and any information left here will be used to collect that debt.

No phone calls will be returned from here, as there are simply too many of you to do that.

At this point you have incurred additional attorney fees in the amount of $250.00, an additional filing fee of $78 and whatever you owe for homeowners' association fees. That amount is stated in the Complaint. If you want to resolve this prior to coming to court, you may mail a certified check, in the amount of whatever you owe for homeowners' association fees as stated in the Summons and Complaint plus the $250 and plus the court filing fee of $78.

Make the check out to Merrill Moores. My name and address to which it should be sent appears on your Summons and Complaint. It is there. Look for it and find it. Or you can come on your court date and make full payment. Either way, your case will be dismissed if it is paid in full on or before your court date.

I am sorry it has come to this. You were sent two notices. The majority of people seemingly got their notices and paid their dues. These were referred to collections on or about April 21, 2008. It is my contention that once I began processing these

that you still owe the attorney fees and court costs even if you sent a check in thereafter and even if it was cashed. If you disagree with that, you may have your day in court, and a judge will decide. And you always have the option of hiring your own attorney yourself.

Thanks.

[*Id.* at 10.]

The record doesn't indicate which of the two messages that Mr. Rayl heard. In fact, the record doesn't indicate whether he ever actually called Mr. Moores' voicemail at all. If Mr. Rayl did call, Mr. Moores makes no claim that he had any written communications with Mr. Rayl within five days after that call.

Previously, the Court certified a class defined as follows:

All natural persons sued by Merrill Moores in the name of Wildcat Run Homeowner's Association on a consumer debt who called the contact telephone number referenced on the Small Claims complaint and heard a voice mail message recorded by defendant Merrill Moores within one year prior to May 1, 2009.

[Dkt. 52 at 2.] No evidence in the summary judgment record indicates that any class member ever actually heard either voicemail and, if they did, that Mr. Moores had any written communications with them within five days after they called.[1]

### III.
#### DISCUSSION

Mr. Rayl contends that each voicemail message qualifies as "initial communication with a consumer in connection with the collection of any debt" under 15 U.S.C. § 1692g(a).[2] And, in

---

[1] In the uncontested class certification proceedings, Mr. Rayl's counsel tendered an affidavit advising that "my paralegal and I spoke to thirty-seven (37) individuals who confirmed that they had heard the voice mail message." [Dkt. 30-1 ¶7.] Mr. Rayl hasn't designated that hearsay (and, as to the paralegal's conversations, double hearsay) evidence here.

[2] The notices of claim sent to the homeowners don't qualify as "initial communications," and Mr. Rayl doesn't argue otherwise. 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for the purposes [of triggering the required notices].").

his view, because neither message contained all the notices required under the FDCPA—for example, that Mr. Moores would assume the validity of any debt not disputed within thirty days—Mr. Moores violated the FDCPA by not providing written notice of the omitted information within five days after Mr. Rayl (or any other class member) heard the voicemail. *Id.* ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice [containing the specified notices].").

Mr. Moores has raised several arguments as to why he is entitled to summary judgment. The Court will, however, only address one at this time: that Mr. Rayl cannot establish a violation of the FDCPA provisions regarding initial communications without proof—lacking here—that he ever called the voicemail line. The Court agrees. Because that failure of proof makes Mr. Rayl ineligible to represent the class, the Court will defer consideration of all of the parties' other arguments, which concern the merits of the other class members' claims, until a suitable class representative appears in this action.

**A. The Effect of Mr. Rayl's Failure to Call Mr. Moores' Voicemail**

In his Statement of Material Facts Not in Dispute, Mr. Moores specifically asserts that Mr. Rayl "has never alleged…or provided any proof of having made a call" to the voicemail number, [dkt. 63 at 3], which Mr. Moores argues is "reason alone summary judgment should be granted" in his favor, [*id.* at 4].

In his Response, Mr. Rayl doesn't dispute that a failure to call the voicemail would preclude his FDCPA claim. [*See* dkt. 67 at 2-4.] Nor could he: For either of the voicemails at issue to possibly qualify as an "initial communication with a consumer," it necessarily must qualify as

a "communication," which the FDCPA defines as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Because a voicemail cannot logically "convey[] … information" to a homeowner who never heard it, the voicemail cannot qualify as a communication and, by extension, an initial communication.

Rather than disputing Mr. Moore's conclusion, Mr. Rayl makes two unsuccessful arguments going to Mr. Moore's premise—that the undisputed facts show Mr. Rayl made no call.

First, Mr. Rayl argues that his Complaint and his Motion for Class Certification do allege that Mr. Rayl did call the voicemail number. [*See* dkt. 67 at 2-4.] But at the summary judgment stage, only evidence matters—not allegations in pleadings. *Schacht*, 175 F.3d at 504 ("Roughly speaking, [summary judgment] is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").[3] The present focus on evidence makes his arguments about his prior pleadings irrelevant.

Second, Mr. Rayl asks the Court to disregard Mr. Moores' statement of undisputed fact because Mr. Moores didn't back it up with a citation to any evidence. [Dkt. 67 at 1-2.] In arguing that Mr. Moores somehow has the burden to affirmatively negate an element of Mr. Rayl's case-in-chief, Mr. Rayl impermissibly ignores the Supreme Court's decision in *Celotex*, 477 U.S. at 323 ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." (emphasis omitted)). There, the Supreme Court specifically held that a party who doesn't bear the burden of proof on an element is entitled to summary judgment if the party identifies the element that he contends the opposing party can't prove and the opposing party fails to offer any proof in re-

---

[3] To the extent, if any, that Mr. Rayl seeks to rely upon the statements in his motion for class certification as evidence of having called the voicemail number, that reliance is misplaced because statements contained in briefs "are not evidence." *Cent. Ill. Light Co. v. Consolidation Coal Co.*, 349 F.3d 488, 493 (7th Cir. 2003).

sponse to the motion for summary judgment. *Id.* at 322-23 (holding that Rule 56(c) requires summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A failure of proof with respect to an element of a party's case-in-chief is just as fatal on summary judgment as it is at trial. *See id.* at 323 ("The standard for granting summary judgment mirrors the standard for a directed verdict…." (quotation and alteration omitted)).

Mr. Moores challenged Mr. Rayl to come forth with evidence to prove an element of Mr. Rayl's case-in-chief: that he called Mr. Moores' voicemail. Mr. Rayl failed to rise to that challenge. Accordingly, Mr. Moores is entitled to summary judgment.

### B. Appointment of New Class Representative

The Federal Rules of Civil Procedure explicitly confer upon the Court the power to "alter[] or amend[]" a class certification order any time "before final judgment." Fed. R. Civ. Pro. 23(c)(1)(C). The Court must exercise that power here and vacate its prior appointment of Mr. Rayl as class representative.

Because he has failed to produce any evidence showing that he ever called Mr. Moores' number and heard one of the voicemails at issue, Mr. Rayl falls outside the class definition. [Dkt. 52 at 2.] Well-settled law, therefore, precludes Mr. Rayl from serving as a class representative. *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("As this Court has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." (collecting cases)). Given Mr. Moores' decision to not contest class certification, the Court temporarily accepted the assurances of Mr. Rayl's counsel that Mr. Rayl could eventually prove his claim that he did, in fact, hear the voicemail, [dkt. 30 at 2]. *Cf. Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)

(directing district courts to "make whatever factual and legal inquiries are necessary under Rule 23" to "resolve…disputes before deciding whether to certify the class"). At the summary judgment stage, however, those previously uncontested assurances no longer suffice, as discussed above.

Where, as here, later evidence establishes that a previously appointed class representative is ineligible to represent the class, the Court should ordinarily give class counsel the opportunity to locate a new, suitable, class representative. *See Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir. 1998) ("The district court certified a class based on Umar's complaint, and subsequent proceedings undermined Umar's individual claim and revealed that Umar was not an appropriate class representative. The district court acted properly, then, in allowing the class claims to continue (with the substitution of appropriate class representatives) despite the failure of the named plaintiff's individual claim on the merits."). The Court will give class counsel thirty days to locate a suitable and willing class representative.

## IV.
### CONCLUSION

Because no evidence establishes that Mr. Rayl ever called the number on the notice of claim and heard either of the voicemails at issue, the Court **GRANTS IN PART** Mr. Moores' motion for summary judgment, [dkt. 63], and **DENIES** Mr. Rayl's motion for summary judgment, [dkt. 59]. Summary judgment is granted only as to the individual claims of Mr. Rayl, without prejudice to the claims of the class. Mr. Rayl is **DISCHARGED** as a representative of the previously certified class, [dkt. 52]. Class counsel must file a motion for the appointment of a new class representative within **twenty-eight days**, if at all, or else the class' claims will be dismissed for failure to prosecute. The parties must submit a proposed amended case management plan within **fourteen days** of the Court's ruling on the motion to substitute class represent-

ative. Magistrate Judge Baker is requested to convene a status to consider the proposed amended case management plan after it is filed.

No partial final judgment shall issue at this time as to Mr. Rayl's individual claim.

10/28/2010

_[signature]_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Laurel Robin Klapper Gilchrist
KLAPPER ISAAC & GILCHRIST
laurelgilchrist@hotmail.com

Merrill Scooter Moores
mmoores1@comcast.net