UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| COLLEEN O'BRIEN, *individually and on behalf of all others similarly situated*, | ) |
|---|---|
| *Plaintiffs*, | ) |
| | ) 1:09-cv-0554-JMS-TAB |
| *vs.* | ) |
| | ) |
| MERRILL MOORES, | ) |
| *Defendant.* | ) |

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF
THE CLASS REGARDING DEFENDANT MERRILL MOORES' LIABILITY**

Presently before the Court is Plaintiff Colleen O'Brien's Motion for Summary Judgment in this class action under the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. 83.] Defendant Merrill Moores did not file a response to Ms. O'Brien's motion.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence would—as a matter of law—conclude in the moving party's favor and is thus unnecessary. *See* Fed. R. Civ. Pro. 56(c). When evaluating a motion for summary judgment, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial...against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. 317. The key inquiry is the existence of evidence to support a plaintiff's claims or defendant's affirmative defenses, not the

weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

When a party offers no response to a motion for summary judgment, the Court will treat the moving party's supported factual assertions as uncontested. Ind. S.D. L.R. 56.1(b); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). The entry of summary judgment is not automatic, however, and may only be granted when the undisputed facts lead to judgment as a matter of law. *Wash Int'l Ins. Co. v. Bucko Constr. Co.*, 2007 U.S. Dist. LEXIS 60914 (N.D. Ind. 2007).

Because Mr. Moores did not respond to the motion for summary judgment, the Court will treat Ms. O'Brien's supported factual assertions as uncontested.

## II.
### BACKGROUND

Mr. Moores is an attorney, but wound up the Defendant in this action because of the way he attempted to collect past-due homeowners' association dues for his client, the Wildcat Run Homeowners' Association. [*See* dkt. 84-1 at 5.] On May 1, 2008, Mr. Moores filed 131 small-claims actions in the Franklin Township Small Claims Court. [Dkt. 84-1 at 6-7, 22.] Mr. Moores listed one of his office telephone numbers on the "Notice of Claim" filed with the court in each action. [*Id.* at 3.]

Calls to that number went to voicemail. [Dkt. 84-1 at 9.] Depending on exactly when the homeowners called, they heard one of two voicemail messages, both of which essentially said that Mr. Moores would only discuss each homeowner's case at their court date. The first message was as follows:

> Hi. This is attorney Merrill Moores. If you're calling regarding a Summons for past due Wildcat Run Homeowner's Association dues, please be advised that this is an attempt to collect a debt, and all information left here will be used in an attempt to collect that debt.

> I am unable to return any messages from here. There are simply too many. You have a court date and time. I will be more than happy to discuss the matter with you at that time and date.
>
> I am sorry it has come to this. You were sent two letters by your association. At this point, you have incurred attorney's fees in the amount of $250 and a filing fee of $78 in addition to whatever you owed for your annual dues. The amount that you owe for your annual dues is actually stated in the Complaint.
>
> If you want to resolve this matter in its entirety on the court date, please bring a check, which is certified, for the full amount, in a form made out to Merrill Moores. My name is on the Complaint for the purposes of spelling. Again, the amount that you owe is your annual homeowner's dues as stated in the Complaint, the filing fee of $78 and attorney's fees in the amount of $250. Upon bringing a certified check in that amount, I will dismiss your case and I will forgo pursuing the prejudgment interest that has accumulated since the debt was due and owing. Again, I am sorry.

[Dkt. 84-3 at 9.] Callers at later dates heard this revised message:

> Hi. My name is Merrill Moores. If you are calling about a Summons and Complaint regarding Wildcat Run Homeowner's Association dues, please be advised that I am a debt collector, and any information left here will be used to collect that debt.
>
> No phone calls will be returned from here, as there are simply too many of you to do that.
>
> At this point you have incurred additional attorney fees in the amount of $250.00, an additional filing fee of $78 and whatever you owe for homeowners' association fees. That amount is stated in the Complaint. If you want to resolve this prior to coming to court, you may mail a certified check, in the amount of whatever you owe for homeowners' association fees as stated in the Summons and Complaint plus the $250 and plus the court filing fee of $78.
>
> Make the check out to Merrill Moores. My name and address to which it should be sent appears on your Summons and Complaint. It is there. Look for it and find it. Or you can come on your court date and make full payment. Either way, your case will be dismissed if it is paid in full on or before your court date.
>
> I am sorry it has come to this. You were sent two notices. The majority of people seemingly got their notices and paid their dues. These were referred to collections on or about April 21, 2008. It is my contention that once I began processing these that you still owe the attorney fees and court costs even if you sent a check in thereafter and even if it was cashed. If you disagree with that, you may have your

day in court, and a judge will decide. And you always have the option of hiring your own attorney yourself.

Thanks.

[Dkt. 84-3 at 10.]

In May 2009, Mark Rayl, individually and on behalf of others similarly situated, filed a Complaint against Mr. Moores, alleging that Mr. Moores violated the Fair Debt Collection Practices Act ("FDCPA") by failing to provide the consumers notice of their right to challenge the validity of the debt that formed the basis of the small claims actions at issue. [Dkt. 1 at 3-4.] In June 2010, the Court certified a class defined as follows:

> All natural persons sued by Merrill Moores in the name of Wildcat Run Homeowner's Association on a consumer debt who called the contact telephone number referenced on the Small Claims complaint and heard a voice mail message recorded by defendant Merrill Moores within one year prior to May 1, 2009.

[Dkt. 52 at 2.]

Ms. O'Brien was appointed the new class representative in December 2010, [dkt. 75 at 4], and moved for summary judgment on behalf of the class in January 2011, [dkt. 83]. Ms. O'Brien does not request damages at this time and, instead, moves for summary judgment only on the issue of liability. Ms. O'Brien designated an affidavit in support or her motion, attesting that she had contacted the telephone number that Mr. Moores listed on the small claims complaint and heard the first voicemail message that Mr. Moores recorded. [Dkt. 84-6 at 1-2, ¶¶ 3-4.] Ms. O'Brien attests that Mr. Moores did not contact her within five days of the date on which she heard the voicemail message to inform her of her right to dispute the validity of the debt, the appropriate mechanism for disputing the validity of the debt, or the effect of disputing the validity of the debt. [*Id.* at 2 ¶ 6.]

As noted earlier, Mr. Moores did not file a response to Ms. O'Brien's summary judgment motion.

## III.
### DISCUSSION

The FDCPA generally prohibits debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The provision of the FDCPA at issue in this lawsuit, 15 U.S.C. § 1692g, requires a debt collector to send the consumer a written notice containing certain information about the debt in the initial communication itself or within five days of the initial communication. Among the information required to be conveyed is that the consumer has thirty days to dispute the validity of the debt or it will be assumed valid. 15 U.S.C. § 1692g(a)(3).

Ms. O'Brien argues that Mr. Moores violated the FDCPA when he did not send the class members a written notice as required by 15 U.S.C. § 1692g within five days of his initial communication with the class members. Ms. O'Brien's argument requires the Court to determine whether Mr. Moores was a debt collector, whether his voicemail message constituted an initial communication that triggered the FDCPA notice requirement, and whether he violated the notice requirement pursuant to 15 U.S.C. § 1692g.

**A. Was Mr. Moores a Debt Collector Under the FDCPA?**

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are six exceptions to this definition. 15 U.S.C. § 1692a(6)(A)-(F).

Mr. Moores admits that he was a debt collector when he filed the small claims actions on behalf of the Wildcat Run Homeowner's Association in an attempt to collect past due homeowner's association fees. [Dkts. 84-2 at 3-5; 84-1 at 6-7; *see also* dkt. 84-3 at 10 (Mr. Moores' voicemail message alerting callers that "I am a debt collector").] Mr. Moores also admits that while attempting to collect the debt, he did not fall within one of the exceptions to the definition of a debt collector.[1] [Dkt. 84-3 at 2-4.] Therefore, the Court concludes that Mr. Moores was a debt collector pursuant to the FDCPA at the time the class members heard the voicemail message.

**B. Was the Voicemail Message an Initial Communication?**

Ms. O'Brien argues that Mr. Moores' prerecorded massage was an initial communication for purposes of the FDCPA.

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Courts have held that messages left on consumers' answering machines by debt collectors qualify as "communications" under the FDCPA. *See, e.g.*, *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655 (S.D.N.Y. 2006) (holding that prerecorded message left for debtor constituted communication under the FDCPA); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1358 (N.D. Ga. 2008) (holding that message left on voicemail advising debtor to call indirectly conveyed information about debt and constituted communication under FDCPA).

Mr. Moores' prerecorded message directly conveyed information about the class members' debt. Mr. Moores identified himself as a debt collector, informed the debtor where he

---

[1] Federal Rule of Civil Procedure 36(a)(3) provides that a matter is admitted unless the party to whom the request is directed responds within thirty days of being served. The Court previously deemed Plaintiffs' requests for admission admitted due to Mr. Moores' failure to timely respond. [Dkt. 51 at 2.]

could find the amount of dues owed, expressly stated the amount of attorney fees and filing fee the debtor owed, and told the debtor where to bring a certified check to resolve the matter. [Dkt. 84-3 at 9-10.] Therefore, Mr. Moores' prerecorded message constituted a communication for purposes of the FDCPA. Because there is no evidence that Mr. Moores had any other FDCPA "communications" with the class members before the prerecorded message,[2] the Court finds that Mr. Moores' prerecorded voicemail message constituted the initial communication with the class members.

### C. Did Mr. Moores Violate 15 U.S.C. § 1692g?

As previously noted, 15 U.S.C. § 1692g requires a debt collector to send the consumer a written notice containing certain information about the debt, including that the consumer has thirty days to dispute the validity of the debt or it will be assumed valid, in the initial communication itself or within five days of the initial communication.

Ms. O'Brien attests that Mr. Moores did not send her a written notice within five days of the date on which she heard the voicemail message to inform her of her right to dispute the validity of the debt, the appropriate mechanism for disputing the validity of the debt, or the effect of disputing the validity of the debt. [Dkt. 84-6 at 2 ¶ 6.] There is no evidence that Mr. Moores ever mailed the required notice to the class members after the initial communication.[3] Because Mr. Moores violated 15 U.S.C. § 1692g, the Court grants summary judgment in favor of the class on the issue of Mr. Moores' liability.

---

[2] Although the class members received the small claims complaint before Mr. Moores' prerecorded message, a formal pleading in a civil action "shall not be treated as an initial communication." 15 U.S.C. § 1692g(d).

[3] A defendant can invoke a bona fide error defense if he can prove that the FDCPA violation was unintentional, resulted from a bona fide error, and occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error. *Ruth v. Triumph P'ships*, 577 F.3d 790, 803 (7th Cir. 2009). Mr. Moores has not asserted the bona fide error defense; therefore, the Court need not address it. [Dkt. 13 at 3-4.]

## IV.
### CONCLUSION

For these reasons, the Court concludes that Mr. Moores violated 15 U.S.C. § 1692g of the FDCPA and the class members are entitled to summary judgment on the issue of Mr. Moores' liability. Therefore, the Court **GRANTS** Ms. O'Brien's Motion for Summary Judgment on the issue of liability. [Dkt. 83.]

03/25/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Laurel Robin Klapper Gilchrist
KLAPPER ISAAC & GILCHRIST
laurelgilchrist@hotmail.com

Merrill Scooter Moores
mmoores1@comcast.net