UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLLEEN O'BRIEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:09-cv-00554-TAB-JMS ) |
| MERRILL MOORES, | ) ) |
| Defendant. | ) ) |

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiff Colleen O'Brien, individually and on behalf of all others similarly situated, by counsel and Defendant Merrill Moores ("Moores"), *pro se*, entered into the "Settlement Agreement" dated June 17, 2011 ("Settlement"); and

WHEREAS, this Court has already issued an Order Certifying Class on June 25, 2010; WHEREAS, Plaintiffs and Moores applied pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice as set forth in the Settlement;

WHEREAS, on or before June 27, 2011, pursuant to 28 U.S.C. § 1715, Moores notified the United States Attorney General and the Attorney General of the State of Indiana of the proposed Settlement, and more than 90 days have passed since that notice was given and entry of this Order;

WHEREAS, on July 20, 2011, the Court entered an order preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Settlements be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order, Class Counsel caused the Notice of Class Action Settlement and Hearing in the form

attached to the Settlement as Exhibit "A" ("Mailed Notice") to be mailed by United States First Class Mail to all known members of the Settlement Class; the Affidavit of Notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice; and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on October 21, 2011, at 9 a.m., this Court held a hearing for the purpose of determining whether the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and Moores, and noting that no objectors appeared at the Fairness Hearing or otherwise indicated any opposition to the proposed settlement; having considered all of the files, records and proceedings in the Action, the benefits to the Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Merrill Moores."

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendant in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Moores, *pro se*, and the Settlement Class and Moores were represented by capable and experienced counsel.

6. The form, content and method of dissemination of the notice given to members of the Settlement Class by individual notice to all members of the Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

7. The proposed form and method of submitting claims, as set forth in the Notice and appended Claim Form attached thereto, are approved by the Court as fair, reasonable, and adequate to class members.

8. The settlement shall consist of: (1) $4,000 to be distributed equally to the class members; (2) a $1,000 incentive for class representative Colleen O'Brien; and (3) attorneys' fees to class counsel of $30,000.

9. The Settlement Agreement with Moores is fair, reasonable and adequate and in the best interests of the Settlement Class, and is approved in all respects, as more fully set forth on the record at the October 21, 2011, Fairness Hearing. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, Moores, Releasors and Releasees to effectuate the Settlement according to its terms.

10. Upon the occurrence of the Effective Date of the Settlement, Moores is completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that Plaintiffs, the Class, and other Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of Moores' attempt to collect past due homeowner's association fees from May 1, 2008 through May 1, 2009, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action, or any amendment thereto, which arise under any federal or state statute, law, rule or regulation, including, without limitation, the Fair Debt Collection Practices Act.

11. As to Moores, the above-captioned Action is hereby dismissed with prejudice and, except as provided for in the Settlement, without costs.

12. Any claims against Plaintiffs or their counsel arising out of, relating to or in connection with the Action as against Moores are hereby released by the Releasees and their counsel, and they are permanently enjoined and barred from instituting, asserting or prosecuting any and all claims which the Releasees or their counsel or any of them, had, have or may in the future have against Plaintiffs or their counsel arising out of, relating to or in connection with the Action as against Moores.

13. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiffs, Class Counsel, Moores, Releasors and Releasees as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

SO ORDERED.

Dated: 11/02/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Laurel Robin Klapper Gilchrist
KLAPPER ISAAC & GILCHRIST
laurelgilchrist@hotmail.com

Merrill Scooter Moores
mmoores1@comcast.net